UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVE HUTCHINSON,
    Plaintiff,

vs

CITY OF MIDDLETOWN, OHIO, *et al.*,
    Defendants.

Case No. 1:20-cv-901

Black, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, a resident of Hamilton, Ohio, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1-1). Plaintiff brings claims arising out of an incident on November 11, 2018, where he was allegedly arrested without probable cause. Plaintiff names as defendants the City of Middletown, Ohio and Middletown police officers Sgt. Raqib Ahmed and Officer A. Minic. (*Id.*). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

**Screening of Complaint**

**A.**    **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

   **B.    Plaintiff's Complaint**

Plaintiff alleges that on the evening of November 11, 2018, he was in Middletown, Ohio to purchase a Polaroid tablet from a private individual. While he was discussing the transaction with plaintiff, the seller offered plaintiff some free marijuana to sample. Plaintiff refused and stated, "That's cool." (Doc. 1-1, at PageID 49). Plaintiff then paid for the tablet. As plaintiff was returning to his car, the man reached into the open car window, took plaintiff's last $15.00, and fled into his house. Plaintiff called 911 to report the theft. Defendant Officer Minic responded. Officer Minic allegedly stated that if plaintiff pursued the matter, Minic would charge him with loitering in lieu of drugs. Plaintiff advised Minic that he needed the money that was taken from him. Minic walked to the home of the man, knocked a few times, then returned

3

to plaintiff to advise him no one answered and there was nothing Minic could do. Minic then wrote plaintiff a ticket for the misdemeanor offense. Plaintiff initially refused to sign the ticket until Minic's supervisor arrived. Minic allegedly grabbed plaintiff's arm and yelled, "then I'll just fucking take you to jail!" *Id*. Plaintiff then signed the ticket under duress. Plaintiff also states he requested that Minic search plaintiff and his car to prove that he had not committed the offense charged, but Minic declined. Plaintiff then went to the Middletown Police Department to file a complaint against Minic. Defendant Ahmed allegedly refused to allow plaintiff to file a complaint and told plaintiff that if he did, Ahmed would throw it in the trash.

Plaintiff's trial was held on December 7, 2018. The prosecutor dismissed the charges at the outset of the trial. Thereafter, plaintiff filed this lawsuit. For relief, plaintiff seeks monetary damages and for his record to be expunged. (Doc. 1-1, at PageID 42).

### C. Resolution

At this stage in the proceedings, without the benefit of briefing by the parties to this action and construing plaintiff's pro se complaint liberally, the undersigned concludes that the complaint is deserving of further development and may proceed at this juncture against defendant Minic in his individual capacity for false arrest and against defendant Ahmed in his individual capacity for an alleged deprivation of plaintiff's First Amendment right to petition the government to redress a grievance. However, plaintiff's complaint in all other respects should be dismissed.

The complaint should be dismissed against defendant Middletown, Ohio and against defendants Minic and Ahmed in their official capacities. Plaintiff has failed to allege that his rights were violated by a custom or policy of the City of Middletown, Ohio, as would be required

4

to hold these defendants liable in an official capacity. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 (1978).

Accordingly, in sum, plaintiff may proceed at this juncture with his claims against defendants Minic and Ahmed in their individual capacities. However, for the above-stated reasons, plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B), **with the exception of** plaintiff's claims against defendants Minic and Ahmed in their individual capacities.

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the Order granting plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Minic and Ahmed as directed by plaintiff, with costs of service to be advanced by the United States.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may

occur during the pendency of this lawsuit.

Date: __11/18/2020__  *Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

6

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

STEVE HUTCHINSON,                      Case No. 1:20-cv-901
    Plaintiff,

                                                              Black, J.
vs                                                   Litkovitz, M.J.

CITY OF MIDDLETOWN, OHIO, *et al.*,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).