**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

STEVE HUTCHINSON,                                    Case No. 1:20-cv-901
    Plaintiff,                                   Black, J.
                                       Litkovitz, M.J.

    vs.

CITY OF MIDDLETOWN, *et al.*,                        **REPORT AND**
    Defendants.                                  **RECOMMENDATION**

Plaintiff Steve Hutchinson filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 arising out of an incident that occurred November 11, 2018.  Following a *sua sponte* review conducted pursuant to 28 U.S.C. § 1915(e)(2)(B), the undersigned recommended allowing the following claims to proceed: (1) false arrest against defendant Officer Andrew Minic in his individual capacity; and (2) alleged deprivation of plaintiff's First Amendment right to petition the government to redress a grievance against defendant Sergeant Raqib Ahmed (together with defendant Minic, "defendants") in his individual capacity.  (Doc. 4 at PAGEID 68-69).  The District Judge adopted the undersigned's Report and Recommendation.  (Doc. 18).  This matter is now before the Court on defendants' motion for summary judgment (Doc. 28), plaintiff's response (Doc. 32), and defendants' reply (Doc. 33).

## I.  Factual Background

In support of their motion for summary judgment, defendants submit (1) proposed undisputed facts (Doc. 28-1), (2) an affidavit from the City of Middletown, Ohio's Custodian of Records, Shelley Meehan, regarding plaintiff's 911 call on the night of the incident at issue with the 911 Call Report attached (Doc. 28-2); (3) an affidavit from defendant Minic with his citation from the incident at issue attached (Doc. 28-3), and (4) an affidavit from defendant Ahmed (Doc. 28-4).

Plaintiff's complaint concludes with his signed and dated statement that his allegations were made under penalty of perjury. *See* 28 U.S.C § 1746. Plaintiff's verified complaint has the same force and effect as an affidavit for purposes of responding to a motion for summary judgment under Fed. R. Civ. P. 56(e). *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992). Plaintiff's response in opposition to defendants' motion for summary judgment, however, is not accompanied by such a statement, sworn, or otherwise supported by any evidence. (*See* Doc. 32).

At around 7:30 p.m. on November 11, 2018, plaintiff called 911 and told the dispatcher that a male subject had stolen a "tablet, money, and weed" from him at 409 Yankee Road in Middletown, Ohio. (*See* Meehan Aff., Doc. 28-2 at PAGEID 209, 212). Minutes later, defendant Minic was informed of this and dispatched to the call. (*Id.* at PAGEID 210-11; Minic Aff., Doc. 28-3 at PAGEID 213). According to defendant Minic, the address was a known drug house where drugs, including marijuana, were sold. (Doc. 28-3 at PAGEID 213).

Defendant Minic arrived at 409 Yankee Road approximately 15 minutes later. (*Id.*). He approached plaintiff, who was in the driver's seat of his blue Nissan vehicle, and confirmed that plaintiff was the individual who called 911. (*Id.* at PAGEID 213-14). Plaintiff told defendant Minic that he had gone to 409 Yankee Road to purchase a tablet and showed defendant Minic text/chat messages regarding the meeting for the "tablet." (*Id.* at PAGEID 214). Plaintiff also told defendant Minic that a male individual had offered him marijuana, that he (plaintiff) smokes marijuana, and that he (plaintiff) agreed to take the marijuana. (*Id.*). Plaintiff also told defendant Minic that the male individual took $15.00 from him (plaintiff), went inside the house located at 409 Yankee Road, and never came back out. (*Id.*). Plaintiff asked that defendant Minic take action to retrieve his "stuff" and press charges against the male individual. (*Id.*). After knocking

2

on the door at the house located at 409 Yankee Road with no answer, defendant Minic advised

plaintiff that there was nothing he could do about the $15.00 because it was Plaintiff's word

against the word of the male individual. (*Id.*).

At that point, based on plaintiff (1) being outside of a known drug house, (2) having

stated that he was offered marijuana, (3) having stated that he smokes marijuana, and (4) having

stated that a male individual from that known drug house took his (plaintiff's) money and that he

wanted his "stuff," defendant Minic wrote plaintiff a citation under Middletown Municipal Code

§ 624.18 for loitering outside of 409 Yankee Road, a public place, in aid of a drug offense (i.e. to

purchase marijuana). (*Id.* at PAGEID 214-17). After being told by defendant Minic that he

would be taken to Middletown Jail if he refused, plaintiff signed the citation. (*Id.* at PAGEID

215).

Later that night, at approximately 9:30 p.m., plaintiff went to the Middletown Police

Department to make a complaint. (Ahmed Aff., Doc. 28-4 at PAGEID 218). Defendant Ahmed

was the Sergeant on-duty that night and spoke with plaintiff in the lobby. (*Id.*). Plaintiff was

agitated describing the evening's events and advised that he wanted to made complaint against

defendant Minic. (*Id.*). Defendant Ahmed responded that plaintiff should contest the citation in

court if he believed it was not warranted but that there was no basis for an internal complaint

based on what plaintiff described. (*Id.* at PAGEID 219). Plaintiff left the Middletown Police

Department after this conversation. (*Id.*). The conversation took about five minutes. (*Id.* at

PAGEID 218).

Plaintiff's factual account in his verified complaint differs in the following relevant

respects. According to plaintiff, he went to 409 Yankee Road to purchase a "Polaroid Tablet"

3

that had been advertised through the website "LetGo"[1] for $20. (Doc. 3 at PAGEID 61). While

he inspected the tablet, the seller at 409 Yankee Road offered him free marijuana. (*Id.*). Plaintiff

responded, "that's cool" but *did not* accept the marijuana. (*Id.*). The seller at 409 Yankee Road

then grabbed plaintiff's remaining $15.00 from the passenger seat of plaintiff's car and ran into

the house. (*Id.*). Plaintiff alleges that defendant Minic only issued him a citation because he

mentioned the offer of marijuana and defendant Minic did not want to further pursue the

individual who allegedly stole his $15.00. (*Id.*). At the police station, plaintiff alleges that

defendant Ahmed refused to allow him to make a complaint and that he would "throw it away"

even if plaintiff did make it. (*Id.*).[2] At the December 7, 2018 trial on the citation, the judge

found plaintiff not guilty and the charges were dismissed. (Doc. 3 at PAGEID 61).

## II. Summary Judgment Standard

A motion for summary judgment should be granted if the evidence submitted to the Court

demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled

to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S.

317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A grant of

summary judgment is proper unless the nonmoving party "establish[es] genuinely disputed

material facts by 'citing to particular parts of materials in the record . . . or . . . showing that the

materials cited do not establish the absence . . . of a genuine dispute.'" *United Specialty Ins. Co.*

*v. Cole's Place, Inc.*, 936 F.3d 386, 403 (6th Cir. 2019) (quoting Fed. R. Civ. P. 56(c)(1)). The

Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable

to the non-moving party. *Satterfield v. Tenn.*, 295 F.3d 611, 615 (6th Cir. 2002); *Matsushita*

---

[1] The associated website, https://we.letgo.com/, is a platform for resale of used goods.
[2] Defendant Ahmed specifically denies saying this. (Doc. 28-4 at PAGEID 219).

*Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). However, "[f]acts that are not blatantly contradicted by [the evidence] remain entitled to an interpretation most favorable to the non-moving party." *Coble v. City of White House, Tenn.*, 634 F.3d 865, 870 (6th Cir. 2011). "In response to a properly supported summary judgment motion, the non-moving party 'is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Maston v. Montgomery Cnty. Jail Med. Staff Pers.*, 832 F. Supp. 2d 846, 849 (S.D. Ohio 2011) (quoting *Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).

A fact is "material" if its resolution will affect the outcome of the lawsuit. *Beans v. City of Massillon*, No. 5:15-cv-1475, 2016 WL 7492503, at *5 (N.D. Ohio Dec. 30, 2016) (citing *Anderson*, 477 U.S. at 248), *aff'd,* No. 17-3088, 2017 WL 3726755 (6th Cir. 2017). The party

who seeks summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 322.  To make its determination, the court "need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).  The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968).

Because plaintiff is a pro se litigant, his filings are liberally construed. *Spotts*, 429 F.3d at 250; *Boswell*, 169 F.3d at 387.  However, a party's status as a pro se litigant does not alter the party's duty on a summary judgment motion to support his factual assertions with admissible evidence. *Maston*, 832 F. Supp. 2d at 851-52 (citing *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010)).  When opposing a motion for summary judgment, a pro se party cannot rely on allegations or denials in unsworn filings. *Id.* (citing *Viergutz*, 375 F. App'x at 485).

## III.    Defendants' Motion for Summary Judgment

Defendants argue that plaintiff has not alleged either a Fourth Amendment false arrest claim or a First Amendment right to petition the government claim.  Even if he had, defendants argue that they are entitled to qualified immunity.  Plaintiff responds with six enumerated, unsworn/unverified reasons that he contests defendants' motion: (1) he reported only money stolen and did not have or accept marijuana, (2) he told defendant Minic he wanted that money back and not his "stuff," (3) he did not know that 409 Yankee Road was a known drug house and was not there to buy drugs, (4) defendant Minic issued his citation without probable cause, (5) defendant Ahmed's refusal to give him a complaint form violated his civil rights, and (6)

defendant Minic wrote the citation based on assumptions about his reasons for being at 409
Yankee Road and not physical evidence.

In reply, defendants argue that plaintiff's arguments—aside from lacking any evidentiary
support—do not undercut that the facts known to defendant Minic at the time of the citation
established probable cause.  Defendants state that plaintiff's argument as to defendant Ahmed is
a legal conclusion without supporting authority or evidence.

### A.  False Arrest

When a § 1983 plaintiff brings a claim of false arrest, "[t]he federal constitutional right
implicated . . . is the Fourth Amendment right to be arrested only upon probable cause."
*Crockett v. Cumberland Coll.*, 316 F.3d 571, 579-80 (6th Cir. 2003) (citing *Pyles v. Raisor*, 60
F.3d 1211, 1215 (6th Cir. 1995)) (finding that a claim for wrongful arrest turns on whether
officer had probable cause under the Fourth Amendment) (remaining citation omitted);
*Radvansky v. City of Olmsted Falls*, 496 F.3d 609, 614 (6th Cir. 2007) (to prevail on Fourth
Amendment false arrest claim, plaintiff must establish officer lacked probable cause to believe
person committed or was committing an offense).

The Supreme Court has defined probable cause as "the facts and circumstances within the
officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution,
in believing, in the circumstances shown, that the suspect has committed, is committing, or is
about to commit an offense."  *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979) (citations
omitted); *see also Fineout v. Kostanko*, 780 F. App'x 317, 328 (6th Cir. 2019) (quoting *Fridley
v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002)) (internal quotation marks omitted) (emphasis
added) ("Probable cause exists where there is 'a *fair probability* that the individual to be arrested
has either committed or intends to commit a crime.'").  "An officer possesses probable cause

7

when, at the moment the officer seeks the arrest, the facts and circumstances within the officer's

knowledge and of which she had reasonably trustworthy information are sufficient to warrant a

prudent man in believing that the plaintiff had committed or was committing an offense."

*Fineout*, 780 F. App'x at 328 (quoting *Wesley v. Campbell*, 779 F.3d 421, 429 (6th Cir. 2015))

(internal quotation marks omitted).  "[A]n arrest grounded in probable cause does not become

invalid simply because the charges are later dropped or the defendant is acquitted."  *Manley v.*

*Paramount's Kings Island*, 299 F. App'x 524, 530 (6th Cir. 2008) (citing *Williams ex rel. Allen*

*v. Cambridge Bd. of Educ.*, 370 F.3d 630, 638 (6th Cir. 2004)).

Defendants appear to concede that the issuance of the citation by defendant Minic in this

case constitutes an arrest for Fourth Amendment purposes.[3]  The Court therefore declines to

challenge that assumption and turns to whether defendant Minic acted with probable cause.  *See*

Fed. R. Civ. P. 56(f)(2).

Defendant Minic had probable cause to issue plaintiff a citation under Middletown,

Ohio's Municipal Code § 624.18.  This code section concerns, "LOITERING IN AID OF DRUG

OFFENSES" and states:

> (a)  No person, while in a public place and with purpose to commit or aid in the
> commission of a drug abuse offense, shall do any of the following:
>     (1) Repeatedly beckon to stop, attempt to stop, or engage passers-by in
>         conversation;
>     (2) Repeatedly stop or attempt to stop motor vehicles;
>     (3) Repeatedly interfere with the free passage of pedestrians or motor
>         vehicles;
>     (4) Direct a pedestrian or motor vehicle operator or passenger to a location

---

[3] Defendants note that Minic issued the citation consistent with Ohio Revised Code § 2935.26(A). (*See* Doc. 28 at PAGEID 194 n.2).  This code section states: "[W]hen a law enforcement officer is otherwise authorized to arrest a person for the commission of a minor misdemeanor, the officer shall not arrest the person, but shall issue a citation, unless[,]" as applicable here, "[t]he offender refuses to sign the citation." § 2935.26(A)(3).  In two somewhat analogous situations, courts have not found that Fourth Amendment arrests occurred.  *See Devine v. Pickering*, 959 F.2d 234 (6th Cir. 1992) (unpublished table decision) (quoting *Berkemer v. McCarty*, 468 U.S. 420, 442 (1984)) ("[T]he issuance of the citation 'cannot fairly be characterized as the functional equivalent of formal arrest.'"); *Dotson v. City of Youngstown, Ohio*, 76 F. Supp. 2d 810, 811-12, 814 (N.D. Ohio 1999) (citing *Devine*) (issuance of a disorderly conduct citation following a traffic citation was not an arrest).

where a controlled substance can be obtained unlawfully; or
(5) Inform a pedestrian or motor vehicle operator or passenger where a
controlled substance can be obtained unlawfully.

Middletown Mun. Code § 624.18.

Defendants have presented evidence that, during the incident at issue, plaintiff (1) was outside of a known drug house, (2) stated he was offered marijuana, (3) stated he smokes marijuana, and (4) stated a male individual from that known drug house took plaintiff's money and he wanted his "stuff."  (Doc. 28-3 at PAGEID 214).  Plaintiff's verified complaint, the only evidence that he has submitted to the Court,[4] states that he did not accept the marijuana offered for free on the night in question.  (*See* Doc. 3 at PAGEID 61).  Even construed in plaintiff's favor, however, this allegation does not directly contradict any of the statements in defendant Minic's affidavit or create a material issue of fact on the probable cause question.  The affidavits of Ms. Meehan and defendant Minic demonstrate that the latter had probable cause to issue plaintiff the citation at issue.  *Fineout*, 780 F. App'x at 328.  *See also United States v. Martin*, 289 F.3d 392, 400 (6th Cir. 2002) (citing *United States v. Reed*, 220 F.3d 476, 478 (6th Cir. 2000) (the fact that innocent explanations may exist for the conduct leading to an arrest does not render a probable cause determination invalid).  Plaintiff has therefore failed to demonstrate a genuine issue of fact on whether defendant Minic violated his Fourth Amendment right to be arrested only upon probable cause.  *See Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992) (citation omitted) ("To successfully state a claim under 42 U.S.C. § 1983, a plaintiff must identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of state law.").

---

[4] The Court does not consider the unsworn and not otherwise verified statements made in plaintiff's response, which cannot defeat a properly supported motion for summary judgment. *See Claggett v. Wenzler*, 397 F. Supp. 3d 1054, 1064 (S.D. Ohio 2019).

9

### B. Right to Petition the Government

"The First Amendment protects the right of an individual to speak freely, to advocate ideas, to associate with others, and to petition his government for redress of grievances." *Smith v. Ark. State Highway Emp., Loc. 1315*, 441 U.S. 463, 464 (1979). The government is prohibited from infringing upon these rights by either "a general prohibition against certain forms of advocacy . . . or . . . imposing sanctions for the expression of particular views it opposes. . . ." *Id.* (citing *NAACP v. Button*, 371 U.S. 415 (1963); *Brandenburg v. Ohio*, 395 U.S. 444 (1969); and *Garrison v. La.*, 379 U.S. 64 (1964)). The right to petition the government extends to "the submission of complaints and criticisms to nonlegislative and nonjudicial public agencies like a police department. . . ." *Gable v. Lewis*, 201 F.3d 769, 771 (6th Cir. 2000). The Sixth Circuit has held that there is "no distinction between oral and written grievance when what was requested orally would clearly constitute a petition if reduced to writing." *Holzemer v. City of Memphis*, 621 F.3d 512, 527 (6th Cir. 2010)

While the First Amendment protects these rights to "speak freely and petition openly[,]" it "does not impose any affirmative obligation on the government to listen [or] to respond." *Brown v. Obama*, No. 2:12-cv-392, 2012 WL 2562352, at *2 (S.D. Ohio June 29, 2012) (quoting *Smith*, 441 U.S. at 465), *report and recommendation adopted*, 2012 WL 3064256 (S.D. Ohio July 27, 2012). *See also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views."); *Stengel v. City of Columbus, Ohio*, 737 F. Supp. 1457, 1459 (S.D. Ohio 1988) (same).

Here, plaintiff does not dispute the fact that he submitted a grievance to defendant Ahmed orally following the incident with defendant Minic. (Doc. 28-4 at PAGEID 218-19)

(Doc. 3 at PAGEID 61 (plaintiff acknowledging that he spoke to defendant Ahmed)).  In addition, plaintiff's verified complaint contains no allegation that the Middletown Police Department effected any general prohibition against such grievances or that plaintiff was somehow sanctioned or retaliated against because he petitioned the Middletown Police Department with a grievance.  *See Smith*, 441 U.S. at 464.  To the contrary, plaintiff acknowledges in his verified complaint that he "was found Not Guilty [and the] charges [were] dismissed w/o prejudice in under 60 seconds of [the] trial beginning. . . ."  (Doc. 3 at PAGEID 61).  *Cf. Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) ("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.").

"The right to petition is the freedom to express one's will to the government, and [plaintiff] has been able to do just that." *Brown v. Obama*, 2012 WL 2562352, at *2.  Plaintiff has failed to demonstrate that defendant Ahmed violated his First Amendment right to petition the government.  *See Russo*, 953 F.2d at 1042.

### C. Qualified Immunity

Qualified immunity protects government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted).  Qualified immunity insulates government officials not only from individual liability for money damages, but it also shields them from the burdens and expenses of litigation and trial.  *Saucier v. Katz*, 533 U.S. 194, 200-201 (2001), *overruled in part*, *Pearson v. Callahan*, 555 U.S. 223 (2009).

There are two steps to the qualified immunity analysis: (1) whether the officer's conduct violated a constitutional right, and (2) and if the first step is satisfied, whether the right was clearly established at the time of the injury. *Saucier*, 533 U.S. at 201. In its discretion, the court may choose to address either question first given the particular circumstances of the case before it. *Pearson*, 555 U.S. at 236. Once a defendant raises the qualified immunity defense, plaintiff has the burden to demonstrate that the official is not entitled to qualified immunity. *Binay v. Bettendorf*, 601 F.3d 640, 647 (6th Cir 2010). For the court to find that a constitutional right is clearly established, "its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

As a threshold matter, plaintiff's unsworn and unverified response to defendants' motion for summary judgment does not specifically challenge their entitlement to qualified immunity, as is his burden. *See Binay*, 601 F.3d at 647. Regardless, however, the Court has determined that defendants violated neither plaintiff's Fourth Amendment right to be free from false arrest nor his First Amendment right to petition the government. *See Saucier*, 533 U.S. at 201. As such, both defendants are entitled to qualified immunity from plaintiff's claims.

**IT IS THEREFORE RECOMMENDED** that defendants' Motion for Summary Judgment (Doc. 28) be **GRANTED**.

Date: 1/10/2022

Karen L. Litkovitz
Chief United States Magistrate Judge

12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

STEVE HUTCHINSON,                                    Case No. 1:20-cv-901
        Plaintiff,                                               Black, J.
                                                                    Litkovitz, M.J.
        vs.

CITY OF MIDDLETOWN, *et al*.,
        Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.  This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).